IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHEN MICHAEL PAGANO, JR. and CRYSTAL PAGANO,<br><br>        Plaintiff,<br><br>    vs.<br><br>ONEWEST BANK, F.S.B.; INDYMAC MORTGAGE SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-2; LAWYERS TITLE INSURANCE CORPORATION; FIDELITY NATIONAL FINANCIAL, INC.; AURORA LOAN SERVICES, LLC and DOE DEFENDANTS 1-100,<br><br>        Defendants.<br>_____ | CV. NO. 11-00192 DAE-RLP |

ORDER: (1) DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE; AND (2) DENYING AS MOOT DEFENDANTS' MOTIONS FOR <u>JUDGMENT ON THE PLEADINGS</u>

On January 9, 2012, the Court held a hearing regarding Defendants

OneWest Bank, F.S.B., Mortgage Electronic Registration Systems, Inc., and U.S.

Bank National Association's ("OneWest Defendants") Motion for Judgment on the Pleadings and Defendant Aurora Loan Services, LLC's Motion for Judgment on the Pleadings.  Plaintiffs Stephen Michael Pagano, Jr. and Crystal Pagano ("Plaintiffs") did not attend the hearing.  David Rosen, Esq., appeared at the hearing on behalf of OneWest Defendants, and Stephanie Thompson, Esq., appeared on behalf of Aurora Loan Services, LLC.  After reviewing the motions and the supporting memoranda, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' Complaint and DENIES AS MOOT Defendants' Motions for Judgment on the Pleadings.  (Docs. ## 45, 51.)

## BACKGROUND

The instant action stems primarily out of a Mortgage and Promissory Note executed by Plaintiffs on December 22, 2006 to purchase a home located at 65-5294 Puukapu Street, Kamuela, HI 96743 (the "Subject Property").  ("Compl.," Doc. #4-2, ¶¶ 1, 11.)  The Mortgage and Promissory Note were executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Indymac Bank, FSB ("Indymac") for $756,000.  (Id. ¶ 11.)  The Mortgage was

recorded on April 11, 2008, in the Bureau of Conveyances, State of Hawaii.[1]  (Id. ¶ 12.)

On February 1, 2007, Plaintiffs' loan was securitized as part of the Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2007-2.  (Id. ¶ 17.)  On July 11, 2008, Plaintiffs and IndyMac entered into a loan modification agreement pursuant to which Plaintiffs were granted an eight-month deferral of their mortgage payments.  (Id. ¶ 32.)  Plaintiffs claim that they were not in default on the Mortgage at the time of the modification.  (Id. ¶ 33.)

On November 12, 2008, Plaintiffs filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, District of Hawaii.  (Id. ¶ 40.)  On March 31, 2009, Plaintiffs defaulted on their mortgage payments.  (Id. ¶ 45.)

---

[1] Simultaneously, Plaintiffs executed a Home Equity Line of Credit Mortgage and Note in the amount of $148,000 in favor of Indymac Bank, FSB. (Compl. ¶ 13.)  This mortgage was also recorded on April 11, 2008.  (Id. ¶ 14.)  It is a second junior note and mortgage secured by the Subject Property and Defendants are not foreclosing on this mortgage.
  On July 6, 2007, Plaintiffs also executed an Accommodation Mortgage and note in favor of Lokahi Pacific for $250,000, encumbering the Subject Property. (Id. ¶ 21.)  This mortgage was recorded on July 24, 2007.  (Id. ¶ 22.)  On November 21, 2007, Plaintiffs executed a mortgage in favor of the Administrator of the Small Business Administration in the amount of $93,800.  (Id. ¶ 23.)  This mortgage encumbering the Subject Property was recorded on December 6, 2007. (Id. ¶ 24.)

MERS assigned the Mortgage to OneWest Bank, FSB ("OneWest") by an Assignment of Mortgage recorded on September 15, 2009. (Id. ¶ 50; "Defs.' RJN," Doc. # 47 Ex. B.)[2] As a result of the default, OneWest commenced a non-judicial foreclosure by recording a Notice of Mortgagee's Intention to Foreclose Under Power of Sale ("NOI") on December 28, 2010, in the Bureau of Conveyances. (Compl. ¶ 54; Defs.' RJN Ex. C.)

On February 22, 2011, Plaintiffs, proceeding pro se, filed their Complaint in the Circuit Court of the Third Circuit of the State of Hawaii. They allege three causes of action: (1) negligence (Compl. ¶¶ 57–65); (2) fraud (id. ¶¶ 66–69); and "Non-Judicial Foreclosure." (Id. ¶¶ 70–72.) Plaintiffs request monetary damages, attorney's fees and costs, quiet title, removal of negative credit reporting, and satisfaction of the amounts due and owing under other mortgages on

---

[2] OneWest Defendants request the Court to take judicial notice of various documents relevant to the claims in the Complaint, including the Mortgage, the Assignment of Mortgage, the Notice of Mortgagee's Intention to Foreclose Under Power of Sale, the Mortgagee's Affidavit of Foreclosure Under Power of Sale, and the Mortgagee's Quitclaim Deed. See Defendants OneWest, MERS and U.S. Bank's Request for Judicial Notice Exs. A–E. (Doc. # 47.) The Court takes judicial notice of these exhibits because they are public documents. See United States v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008) ("Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).

Case 1:11-cv-00192-DAE -RLP   Document 61   Filed 01/10/12   Page 5 of 19   PageID #: 744

the Subject Property.  On March 23, 2011, Defendants removed to this Court. (Doc. # 1.)  On April 1, 2011, Defendants filed an Amended Notice of Removal of Action Based on Diversity Jurisdiction.  (Doc. # 4.)

On September 20, 2011, Defendants OneWest, MERS, and U.S. Bank National Association, as Trustee of the Lehman Mortgage Trust Mortgage Pass-Through Certificates Series 2007-2 ("U.S. Bank") filed the instant Motion for Judgment on the Pleadings (Doc. # 45) and a Memorandum in Support of the Motion.  (Doc. # 46.)  On November 8, 2011, Defendant Aurora Loan Services, LLC ("Aurora") filed the instant Motion for Judgment on the Pleadings.  (Doc. # 51.)  The same day, Aurora also filed a Joinder in OneWest Defendants' Motion for Judgment on the Pleadings.  (Doc. # 52.)  Plaintiffs did not file an opposition to Defendants' Motions.  On December 23, 2011, Defendants OneWest, MERS, and U.S. Bank filed a Notice of No Opposition Filed in Response to their Motion. (Doc.# 58.)

STANDARD OF REVIEW

I.   Motion for Judgment on the Pleadings

Rule 12(c) states, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is properly granted when the court, accepting

all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is entitled to judgment as a matter of law. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). No issue of material fact may be in dispute. Id.

When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, the standard governing the Rule 12(c) motion for judgment on the pleadings is the same as that governing a Rule 12(b)(6) motion. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1262 (D. Haw. 2003). As a result, a motion for judgment on the pleadings for failure to state a claim may be granted "'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" McGlinchy, 845 F.2d at 810 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

Thus, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 528 (9th Cir. 1997) (citing McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." McGlinchy, 845 F.2d at 810.

To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009). Although the court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555).

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The pleadings are closed once a complaint and

an answer have been filed, assuming that there is no counterclaim or cross-claim. Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005). "Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." Moran v. Peralta Cmty. Coll. Dist., 825 F. Supp. 891 (N.D. Cal. 1993).

II.     Sua Sponte Dismissal

The court may dismiss a complaint pursuant to Rule 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir.

2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)).  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citation and quotation omitted), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126–30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)).  However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.  1987).

DISCUSSION

I.   Count I:  Negligence

Plaintiffs allege that:  (1) MERS was negligent in failing to record the Mortgage immediately after the closing of the loan (Compl. ¶ 58); (2) U.S. Bank and Aurora were negligent by failing to record the Mortgage immediately after the securitization of the Mortgage (Id. ¶ 59); (3) MERS, U.S. Bank, and Aurora were negligent when they recorded the Mortgage on April 11, 2008, placing the Mortgage subordinate to other loans (Id. ¶ 60); (4) Defendants were negligent when they failed to correct the priority of lien defect caused by the late recording

of the Mortgage (Id. ¶ 61–62); (5) OneWest and Indymac were negligent when they refused to communicate directly with Plaintiffs regarding the Mortgage (Id. at 63); (6) OneWest and Indymac were negligent when they refused to modify the Mortgage "due to the priority of lien defect" (Id. ¶ 64); and (7) U.S. Bank, Aurora, OneWest and Indymac were negligent when they initiated foreclosure proceedings on the Subject Property.  (Id. ¶ 65.)

To prevail on a negligence claim, a plaintiff must demonstrate:

(1)  A duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks;
(2) A failure on the defendant's part to conform to the standard required:  a breach of the duty;
(3) A reasonably close causal connection between the conduct and the resulting injury; and
(4) Actual loss or damage resulting to the interests of another.

Takayama v. Kaiser Found. Hosp., 82 Hawai'i 486, 498–99, 923 P.2d 903, 915–16 (1996); see also Kahoʻohanohano v. Dep't of Human Servs., 117 Hawai'i 262, 287 n.31, 178 P.3d 538, 563 n.31 (2008) (listing elements for negligence as "(1) duty; (2) breach of duty; (3) causation; and (4) damages"); Cho v. Hawaii, 115 Hawai'i 373, 379 n.11, 168 P.3d 17, 23 n.11 (2007) (same).

Lenders generally owe no duty of care sounding in negligence to their borrowers.  Caraang v. PNC Mortg., 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011); see also Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009) ("[A]s a matter of law, [a] lender [does] not owe a duty in negligence not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to pay."); Nymark v. Heart Fed. Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.")[3]

        Plaintiffs have alleged no facts as to how or why Defendants in the instant case owe to them a duty of care.  This alone is enough to find that Plaintiffs have failed to state a claim for negligence.  However, even assuming that Plaintiffs established some sort of duty on the part of Defendants, Plaintiffs

---

[3] There are myriad unpublished recent decisions in this district that have found similarly.  See, e.g., Mccarty v. GCP Mgm't, LLC, Civ No. 10-00133 JMS-KSC, 2010 WL 4812763, at *6 (D. Haw. Nov. 17, 2010) ("[L]enders generally owe no duty of care sounding in negligence to their borrowers."); Peelua v. Impac Funding Corp., Civ. No. 10-00090 JMS-KSC, 2011 WL 1042559, at *4 (D. Haw. Mar. 18, 2011) (same); Hoilien v. Bank of America, Civ. No. 10-00712 JMS-BMK, 2011 WL 976699, at *9 (D. Haw. Mar. 17, 2011) (same); Marzan v. Bank of America, Civ. No. 10-005781 JMS-BMK, 2011 WL 915574, at *9 (D. Haw. Mar. 10, 2011) (same).

have also failed to sufficiently demonstrate the element of causation. Specifically, Plaintiffs failed to show how the alleged untimely recording of the Mortgage resulted in their defaulting on their mortgage payments and the initiation of foreclosure proceedings on the Subject Property. To the extent that Plaintiffs allege that any breaches of duty thwarted their ability to modify their loans, Plaintiffs have not alleged any facts that they were entitled to a modification.

Accordingly, the Court finds that Plaintiffs have failed to state a claim for negligence.[4] The Court DISMISSES Count I without prejudice.

## II. Counts II: Fraud

In Count II, Plaintiffs allege that Defendants "committed fraud when they caused for the execution and signing of the FRAUDULENT ASSIGNMENT, to convey the interest in the [Mortgage]" to OneWest and "caused for the recordation" of the assignment when U.S. Bank is the "legal mortgagee/owner/holder" of the Mortgage. (Compl. ¶¶ 67–68.) Plaintiffs also

---

[4] Aurora argues, inter alia, that Plaintiffs' negligence claim with respect to the recordation of the Mortgage is time-barred because Plaintiffs' Complaint was filed more than two years after they became aware that there was a defect in title on the property caused by the timing of the recordation of the loan. (Doc. # 51-1 at 11.) Because Count I fails regardless of the statute of limitations, the Court need not reach this issue.

assert that OneWest is "attempting to fraudulently foreclos[e]" on the Subject Property when U.S. Bank is the "legal mortgagee/owner/holder" of the Mortgage. (Id. ¶ 69.)

Rule 9(b) requires a party asserting fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To comply with this Rule, a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). In other words, the claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Plaintiffs fail to plead their fraud claim with the requisite particularity. See Fed. R. Civ. P. 9(b). For example, Plaintiffs do not sufficiently allege how MERS's assignment was fraudulent; their conclusory assertion that U.S. Bank is the legal mortgagee as a result of a "securitization" of the loan and therefore the only entity with authority to assign the Mortgage is unsupported.[5] Indeed, the

---

[5] Plaintiffs allege that a document and a website – which they attach to the Complaint – name the Securitization Trust or U.S. Bank as "the mortgagee/owner/holder" of the mortgage loan. However, the actual documents do

13

Mortgage identifies MERS as "acting solely as a nominee for Lender and Lender's successors and assigns" and as "the mortgagee under this Security Instrument." (RJN Ex. A.)  The Mortgage also states: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower . . . but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . ."[6]  (Id.)  As it is unclear how the

---

not support those assertions.  For example, Plaintiffs cite a search on the MERS website database as referencing U.S. Bank as the mortgagee/owner/holder, but it identifies "U.S. Bank as Trustee" as "Investor."  (See Compl. Ex. S.)   Plaintiffs also state that a debt notification letter from IndyMac Mortgage Services names the "SECURITIZATION TRUST as the mortgagee/owner/holder," but the letter states: "Indymac Mortgage Services . . . is currently servicing your loan on behalf of securitization trust LMT 2007-2, AURORA LOAN SERVICES, LLC, as Trustee/Master Servicer . . . ."  (See Compl. Ex. Q.)

[6] Courts have rejected theories that securitization alters the relationship or rights of the original parties.  See Frazier v. Aegis Wholesale Corp., 2011 WL 6303391 at *4 (N.D. Cal. Dec. 16, 2011) ("The fact that Plaintiffs' loan has been 'securitized' has no effect on the ability of MERS to foreclose or transfer."); Reyes v. GMAC Mortg. LLC, 2011 WL 1322775, at *2 (D. Nev. April 5, 2011) (rejecting plaintiffs' theory that "securitization inherently changes the 'existing legal relationship between the parties to the extent that the original parties cease to occupy the roles they did at the closing" and stating that "the securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust") (citations omitted); Commonwealth Property Advocates, LLC v. First Horizon Home Loan Corp., 2010 WL 4788209 at *2 (D. Utah Nov. 16, 2010)

assignment to OneWest is fraudulent, Plaintiffs also fail to state a claim as to OneWest's alleged fraudulent foreclosure of the Subject Property.

Moreover, the Complaint lacks specificity with regard to acts by certain individual Defendants. While the Complaint alleges that "MERS fraudulently assigned" the Mortgage, it is unclear to the Court how some of the other named Defendants participated in the alleged fraudulent assignment and recordation. For example, Plaintiffs have not proffered any factual allegations regarding how Aurora participated in the assignment of the Mortgage.

Accordingly, Count II is DISMISSED without prejudice.

III.   Count III:  Non-Judicial Foreclosure

In Count III, Plaintiffs again allege that OneWest and Defendants are "attempting to foreclose" on the Subject Property "without the legal estate, right,

---

("Plaintiff has not satisfied the pleading requirement to show that because of the alleged securitization MERS is no longer the lender's nominee with the authority to foreclose on behalf of the note holders. [Plaintiff's] arguments ignore the fact that securitization merely creates a separate contract, distinct from Plaintiff's debt obligations under the reference credit (i.e. the Note).") (citation and internal quotation marks omitted); Jones v. Countrywide Homeloan, 2011 U.S. Dist. LEXIS 64647, at *14 (E.D. Cal. June 17, 2011) (stating that securitization gives "investors an interest in the cash flow from the promissory notes that are the underlying assets" in the investment vehicle and that "[i]t does not follow that any of the other entitlements of the lender of the Deeds of Trust, including the power to declare default, are transferred or lost because of the transfer or sale of the cash flow due from the mortgage").

15

title or interest" in the Mortgage and Note. (Compl. ¶ 71.) Plaintiffs also allege that OneWest and Defendants are attempting to foreclose when Plaintiffs "have provided written notification to RCO Hawaii, LLC, counsel for ONEWEST BANK in the non-judicial foreclosure, PLAINTIFFS['] intent to invoke their rights under Paragraph 22 of the [Mortgage] 'right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.'" (Compl. ¶ 72.) Although Plaintiffs do not label Count III as such, it appears Plaintiffs are alleging wrongful foreclosure.

The Ninth Circuit has stated that "[s]ubstantive wrongful foreclosure claims . . . typically are available after foreclosure and are premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower." Cervantes v. Countrywide Home Loans, 656 F.3d 1034, 1043 (9th Cir. 2011). Here, Plaintiffs stated in their Complaint that they defaulted on their mortgage payments.[7] Also, as noted in the Court's discussion of

---

[7] The Court also notes that to the extent that Plaintiffs are seeking to quiet title, to state a claim for quiet title against a mortgagee, a borrower must allege that they have paid or are able to tender the outstanding debt. See Abubo v. Bank of New York Mellon, Civ. No. 11-00312 JMS-BMK, 2011 WL 6011787, at *5 (D. Haw. Nov. 30, 2011); Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp.2d 952, 975 (N.D. Cal. 2010) ("A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.'") (quoting Kelley v. Mortg. Elec. Registration Sys., 642 F. Supp.2d 1048, 1057 (N.D. Cal. 2009)). "[A]

Count II, Plaintiffs have failed to sufficiently allege that the assignment of the Mortgage and subsequent foreclosure are fraudulent. Accordingly, the Court DISMISSES Count III without prejudice.

IV.   Failure to Prosecute

Alternatively, the Court notes that Plaintiffs have failed to file an Opposition to the instant Motion and have not attended the Motion hearing and a January 5, 2012 status conference. OneWest Defendants' Counsel also informed the Court at the Motion hearing that Plaintiffs expressed a willingness to abandon the action.

Federal Rule of Civil Procedure ("Rule") 41(b) provides that a "dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Rule 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in

---

borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." Id. (applying California law and citing Miller v. Provost, 26 Cal. App. 4th 1703, 1701, 33 Cal. Rptr. 2d 288, 290 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted)).

order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A district court must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). Balancing the five factors in this case, noting that little or no discovery had been undertaken and mindful of the public policy which favors disposition of cases on the merits, the Court finds that dismissal of Plaintiff's Complaint without prejudice is appropriate. The Court therefore finds Plaintiffs' lack of prosecution as an alternative basis to dismiss the Complaint.

Accordingly, the Court dismisses the Complaint without prejudice, with leave to reinstate within 30 days from the filing of this Order for good cause shown. Failure to file an amended complaint and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

## CONCLUSION

For the reasons stated above, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' Complaint and DENIES AS MOOT Defendants' Motions for Judgment on the Pleadings.  (Docs. ## 46, 51.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 10, 2012.



_____
David Alan Ezra
United States District Judge

Pagano v. Onewest Bank, F.S.B. et al., CV No. 11-00192 DAE-RLP; ORDER: (1) DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE; AND (2) DENYING AS MOOT DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS